Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendants APPLE TEN SPE CAPISTRANO,
INC., and RESIDENCE INN BY MARRIOTT,LLC

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

GILBERT SALINAS,

                    Plaintiff

v.

APPLE TEN SPE CAPISTRANO,
INC., a California Corporation;
RESIDENCE INN BY MARRIOTT,
LLC, a Delaware Limited Liability
Company; and Does 1-10,

                    Defendants.

Case No.: 8:20-cv-02379

**AMENDED**
DEFENDANTS' NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. §
1441(A)

Notice of Removal of Complaint

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF GILBERT SALINAS AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants APPLE TEN SPE CAPISTRANO, INC., and RESIDENCE INN BY MARRIOTT, LLC ("DEFENDANTS") have been named and served as Defendants in the above-captioned matter. DEFENDANTS now remove the action from the Superior Court of California, Orange County, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice of Removal, DEFENDANTS state as follows:

**PROCEDURAL HISTORY**

1.     Plaintiff Gilbert Salinas ("Salinas" or "Plaintiff") commenced this action by filing a Complaint captioned *Gilbert Salinas v. Apple ten SPE Capistrano, Inc. et al.*, Case No. 30-2020-01169677-CU-CR-CJC in the in the California Superior Court for Orange County  (the "State Court Action") on November 12, 2020.

2.     Plaintiff served DEFENDANTS with a Summons and the Complaint on November 19, 2020.  Pursuant to 28 U.S.C § 1446(a), true and correct copies of the "process, pleadings, and orders" served upon Defendants, including the Summons and Complaint are attached to this Notice as <u>Exhibit 1</u>.

3.     The California Superior Court for Orange County is located within the Central District of California. (28 U.S.C. § 84(c).) This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. §1441(a).

**ALLEGATIONS IN THE COMPLAINT**

4.     In the Complaint filed in the State Action, Plaintiff claims that Defendant's identification and description of its accessible features deny him the opportunity to assess whether Defendant's hotel meets his accessibility needs and that he cannot make reservations for accessible guest rooms in the same manner as guests without disabilities in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*. ("ADA") (First Cause of Action) and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 ("Unruh") in the Second Cause of Action.

5.     Defendants dispute Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff has been harmed in any way by any act or omission of Defendants.

## GROUNDS FOR REMOVAL

6.     Plaintiff's claims are based, in part, on alleged violations of federal law as Count I of the Complaint alleges violations of the ADA.

7.     Because this action involves claims under the ADA, this Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 based upon the existence of a Federal Question and this action is subject to removal under 28 U.S.C. § 1441.

8.     Pursuant to 29 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the Central District of California, which is the District in which the State Action was filed and is presently pending.

10.     This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) as it was filed within thirty (30) days after Plaintiff served Defendants with the Complaint.

11.     After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the California Superior Court for Orange County in accordance with 28 U.S.C. § 1446(d).

12.     Other than Does 1-10, Defendants are unaware of any other parties who have been named or who have appeared in the underlying State Court Action.

## NON-WAIVER OF DEFENSES

13.     By removing this action from California Superior Court, Defendants do not waive any defenses available to it.

14.     By removing this action from California Superior Court, Defendants do not admit any of the allegations in Plaintiff's Complaint.

## CONCLUSION

15.     For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Accordingly, this action is removable pursuant to 28 U.S.C. § 1441.

1   WHEREFORE, Defendants request the Court accept this Notice of Removal of this

2   matter to the United States District Court for the Central District of California.

3                                          Respectfully Submitted,

4                                          STILLMAN & ASSOCIATES

5

6   Dated: December 18, 2020              By:_____
                                              Philip H. Stillman, Esq.
7                                             Attorneys for defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2   I, the undersigned, certify under penalty of perjury that on December 18, 2020 or as

3 soon as possible thereafter, copies of the foregoing Notice of Removal was served

4 electronically by email listed with the Orange County Superior Court on Plaintiff's counsel,

5 Amanda Seabock, Potter & Handy and to the Clerk, Orange County Superior Court by

6 OneLegal e-filing.

7          By: */s/ Philip H. Stillman*
            Attorneys for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**

Electronically Filed by Superior Court of California, County of Orange, 11/12/2020 09:14:13 AM.
30-2020-01169677-CU-CR-CJC -ROA #3 - DAVID H. YAMASAKI, Clerk of the Court By Omar Saldivar, Deputy Clerk.
Case 8:20-cv-02379-CJC-DFM Document 3 Filed 12/18/20 Page 7 of 17 Page ID #:27

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
**Apple Ten SPE Capistrano, Inc.,** a California Corporation; **Residence Inn By Marriott, LLC,** a Delaware Limited Liability Company; and Does 1-10,

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):
**Gilbert Salinas**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su version. Lea la information a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entrguan esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entrgue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tine que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.

Hay otros requisitos legales. Es recommendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remission a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servivios legals gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp.espanol/) o poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pager el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: Orange County Superior Court<br>(El nombre y direccion de la corte es):<br><br>700 CIVIC CENTER DRIVE WEST<br>SANTA ANA, CA 92701<br>CENTRAL JUSTICE CENTER | CASE NUMBER:<br>(Numero del Caso):<br><br>30-2020-01169677-CU-CR-CJC<br><br>Judge Nathan Scott |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):

Russell Handy., Center for Disability Access, 8033 Linda Vista Road, Suite 200 San Diego, CA 92111
(858) 375-7385

DAVID H. YAMASAKI, Clerk of the Court

DATE:                              Clerk, by                    Omar Saldivar              , Deputy
(Fecha) 11/12/2020                 (Secretario)                                            (Adjunto)

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ Other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 11/12/2020 09:14:13 AM.
30-2020-01169677-CU-CR-CJC - ROA #2 - DAVID H. YAMASAKI, Clerk of the Court By Omar Saldivar, Deputy Clerk.

Case 8:20-cv-02379-CJC-DFM   Document 3   Filed 12/18/20   Page 8 of 17   Page ID #:28

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ORANGE

30-2020-01169677-CU-CR-CJC

| | |
|---|---|
| **Gilbert Salinas,**<br><br>     Plaintiff,<br><br>     v.<br><br>**Apple Ten SPE Capistrano, Inc.,** a California Corporation; **Residence Inn By Marriott, LLC,** a Delaware Limited Liability Company; and Does 1-10,<br><br>     Defendants, | **Case No.**   Assigned for All Purposes<br>Judge Nathan Scott<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Orlando Garcia complains of Apple Ten SPE Capistrano, Inc., a California Corporation; Residence Inn by Marriott, LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He is a paraplegic who uses a wheelchair for mobility.

2. Defendant Apple Ten SPE Capistrano, Inc. owns the Residence Inn by Marriott by Dana Point, San Juan Capistrano located at 33711 Camino

1

Complaint

1   Capistrano, San Juan Capistrano, California currently and at all times relevant
2   to this complaint. Defendant Residence Inn by Marriott, LLC operates the
3   Hotel currently and at all times relevant to this complaint.

4   3.  Plaintiff does not know the true names of Defendants, their business
5   capacities, their ownership connection to the property and business, or their
6   relative responsibilities in causing the access violations herein complained of,
7   and alleges a joint venture and common enterprise by all such Defendants.
8   Plaintiff is informed and believes that each of the Defendants herein,
9   including Does 1 through 10, inclusive, is responsible in some capacity for the
10  events herein alleged, or is a necessary party for obtaining appropriate relief.
11  Plaintiff will seek leave to amend when the true names, capacities,
12  connections, and responsibilities of the Defendants and Does 1 through 10,
13  inclusive, are ascertained.

14  **JURISDICTION:**

15  4.  This Court has subject matter jurisdiction over this action as a court of
16  general jurisdiction. This Court has personal jurisdiction over Defendants
17  because they conduct substantial business in the State of California, County of
18  Orange and Defendant's offending Website is available throughout California.

19  5.  Venue it proper in this Court because Defendant conducts business in
20  this County.

21  6.  Unlimited jurisdiction is proper because Plaintiff seeks a permanent
22  injunction ordering compliance with the Americans with Disabilities Act.

23  **PRELIMINARY STATEMENT**

24  7.  This is a lawsuit challenging the reservation policies and practices of a
25  place of lodging. Plaintiff does not know if any physical or architectural
26  barriers exist at the hotel and, therefore, is not claiming that that the hotel has
27  violated any construction-related accessibility standard. Instead, this is about
28  the lack of information provided on the hotel's reservation website that would

2

Complaint

1    permit plaintiff to determine if there are rooms that would work for him.

2         8.   After decades of research and findings, Congress found that there was
3    a "serious and pervasive social problem" in America: the "discriminatory
4    effects" of communication barriers to persons with disability. The data was
5    clear and embarrassing. Persons with disabilities were unable to "fully
6    participate in all aspects of society," occupying "an inferior status in our
7    society," often for no other reason than businesses, including hotels and
8    motels, failed to provide information to disabled travelers. Thus, Congress
9    decided "to invoke the sweep of congressional authority" and issue a "national
10   mandate for the elimination of discrimination against individuals with
11   disabilities," and to finally ensure that persons with disabilities have "equality
12   of opportunity, full participation, independent living" and self-sufficiency.

13        9.   As part of that effort, Congress passed detailed and comprehensive
14   regulations about the design of hotels and motels. But, as importantly,
15   Congress recognized that the physical accessibility of a hotel or motel means
16   little if the 61 million adults living in America with disabilities are unable to
17   determine which hotels/motels are accessible and to reserve them. Thus,
18   there is a legal mandate to provide a certain level of information to disabled
19   travelers.

20        10. But despite the rules and regulations regarding reservation procedures,
21   a 2019 industry article noted that: "the hospitality sector has largely
22   overlooked the importance of promoting accessible features to travelers."

23        11. These issues are of paramount important. Persons with severe
24   disabilities have modified their own residences to accommodate their unique
25   needs and to ameliorate their physical limitations. But persons with disabilities
26   are never more vulnerable than when leaving their own residences and having
27   to travel and stay at unknown places of lodging. They must be able to ascertain
28   whether those places work for them.

3

Complaint

**FACTUAL ALLEGATIONS:**

12. Plaintiff planned on making a trip in October of 2020 to the San Juan Capistrano, California, area.

13. He chose the Residence Inn by Marriott by Dana Point, San Juan Capistrano located at 33711 Camino Capistrano, San Juan Capistrano, California because this hotel was at a desirable price and location.

14. Plaintiff needs an accessible guestroom. He needs clearance around beds, he needs accessible restroom facilities including accessible sinks, accessible tubs or showers and accessible toilets. He needs sufficient maneuvering clearance in and around the guestroom. He needs accessories to be located within an accessible reach range. In short, he benefits from and needs compliant accessible guestroom features.

15. Plaintiff went to the Residence Inn by Marriott by Dana Point, San Juan reservation website at https://www.marriott.com/hotels/travel/snasj-residence-inn-dana-point-san-juan-capistrano/ seeking to book an accessible room at the location September 18, 2020.

16. Plaintiff found that there was little information about the accessibility of the rooms. For example, under the "Accessibility" tab, it mentions features such as: "Business Center", "Fitness Center", "Pool accessible", "Public entrance alternative", "Registration Desk", "Elevators", Accessible Self-parking", "Bathroom grab bars", "Bathtub grab bars", "Roll-in shower", "Shower wand, adjustable", "Toilet seat at wheelchair height," and "Vanities, accessible". These are vague and conclusory statements. Likewise, under the room descriptions, it mentions features such as "This room type offers mobility accessible rooms" and "This room type offers accessible rooms with roll-in showers." These vague and conclusory statements offer little detail. For example, there is no specific information on whether the desk/table in the

4

room is accessible, if the toilet has compliant transfer space, or if the room has accessible clear floor space. Making matters worse, the photos that accompany the room descriptions states: "Images may not full represent the room features you booked."

17. The defendant's reservation system failed to identify and describe the accessible features in the guestroom chosen by the plaintiff in enough detail to reasonably permit him to assess independently whether the particular guestroom met his accessibility needs. The few photos that accompany those rooms show limited accessible features.

18. This lack of information created difficulty for the plaintiff and the idea of trying to book this room -- essentially ignorant about its accessibility -- caused discomfort for the Plaintiff.

19. Plaintiff would like to patronize this hotel but is deterred from doing so because of the lack of detailed information through the hotel's reservation system. Plaintiff not only travels frequently but is always on the lookout for businesses that violate the law and discriminate against him and other persons with disabilities, intending to have them comply with the law and pay statutory penalties.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

20. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

21. Under the ADA, it is an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges advantages or accommodations to person with disabilities unless the entity can demonstrate

5

1    that taking such steps would fundamentally alter the nature of the those goods,
2    services, facilities, privileges advantages or accommodations. See 42 U.S.C. §
3    12182(B)(2)(A)(ii).

4        22. Specifically, with respect to reservations by places of lodging, a
5    defendant must ensure that its reservation system, including reservations
6    made by "any means," including by third parties, shall:

7                        a. Ensure that individuals with disabilities can make
8                           reservations for accessible guest rooms during the same
9                           hours and in the same manner as individuals who do not
10                          need accessible rooms;

11                       b. Identify and describe accessible features in the hotels and
12                          guest rooms offered through its reservations service in
13                          enough detail to reasonably permit individuals with
14                          disabilities to assess independently whether a given hotel
15                          or guest room meets his or her accessibility needs; and

16                       c. Reserve, upon request, accessible guest rooms or specific
17                          types of guest rooms and ensure that the guest rooms
18                          requested are blocked and removed from all reservations
19                          systems.

20        *See* 28 C.F.R. § 36.302(e).

21       23. Here, the defendant failed to modify its reservation policies and
22    procedures to ensure that it identified and described accessible features in the
23    hotels and guest rooms in enough detail to reasonably permit individuals with
24    disabilities to assess independently whether a given hotel or guest room meets
25    his or her accessibility needs and failed to ensure that individuals with
26    disabilities can make reservations for accessible guest rooms during the same
27    hours and in the same manner as individuals who do not need accessible
28    rooms.

6

Complaint

1  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**
2  **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.
3  Code § 51-53.)

4  24. Plaintiff repleads and incorporates by reference, as if fully set forth
5  again herein, the allegations contained in all prior paragraphs of this
6  complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,
7  that persons with disabilities are entitled to full and equal accommodations,
8  advantages, facilities, privileges, or services in all business establishment of
9  every kind whatsoever within the jurisdiction of the State of California. Cal.
10  Civ. Code §51(b).

11  25. The Unruh Act provides that a violation of the ADA is a violation of the
12  Unruh Act. Cal. Civ. Code, § 51(f).

13  26. Defendants' acts and omissions, as herein alleged, have violated the
14  Unruh Act by, inter alia, failing to comply with the ADA with respect to its
15  reservation policies and practices.

16  27. Because the violation of the Unruh Civil Rights Act resulted in difficulty
17  and discomfort for the plaintiff, the defendants are also each responsible for
18  statutory damages, i.e., a civil penalty. *See* Civ. Code § 52(a).

19  **PRAYER**:

20  Wherefore, Plaintiff prays that this Court award damages and provide
21  relief as follows:

22  1. For injunctive relief, compelling Defendants to comply with the
23  Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the
24  plaintiff is not invoking section 55 of the California Civil Code and is not
25  seeking injunctive relief under the Disabled Persons Act at all.

26  2. Damages under the Unruh Civil Rights Act, which provides for actual
27  damages and a statutory minimum of $4,000 for each offense.

28

7

Complaint

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52(a).

Dated: November 11, 2020            CENTER FOR DISABILTY ACCESS

By:_____
Russell Handy, Esq.
Attorneys for Plaintiff

8

Complaint

Electronically Filed by Superior Court of California, County of Orange, 11/12/2020 09:14:13 AM.
30-2020-01169677-CU-CR-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Omar Saldivar, Deputy Clerk.
Case 8:20-cv-02326-DOC-ADS Document 3 Filed 12/18/20 Page 16 of 17 Page ID #:36

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>— Russell Handy, Esq., SBN 195058<br>Center for Disability Access<br>Mail: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111<br>Delivery: 8033 Linda Vista Road, Suite 200 San Diego, CA 92111<br>TELEPHONE NO.: (858) 375-7385  FAX NO.: (888) 422-5191<br>ATTORNEY FOR *(Name)*: Plaintiff, Gilbert Salinas | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME:
Salinas v. Apple Ten SPE Capistrano, Inc.,et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2020-01169677-CU-CR-CJC |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Nathan Scott<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ✓ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action *(specify):* 2: Americans with Disabilities Act, Unruh Civil Rights Act
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/11/2020

Russel Handy, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition